In its Opinion and Award, the majority denies compensation to a plaintiff who contracted cancer. Compensation was denied on the basis that the plaintiff did not prove a causal relationship between the cancer and the employment. I respectfully dissent.
I dissent to articulate what I view as an unfairness in the current law as reflected in the case at bar. The plaintiff in this case contracted cancer. Concurrent to contracting cancer, the plaintiff worked for the defendant. While working for the defendant, the plaintiff was exposed to a cocktail of carcinogens. The defendants admit this. These facts create an extremely complicated and highly scientific, but strong circumstantial case. With the burden of proof on the plaintiff in a case such as this, how can a worker injured in this way ever meet this burden in the face of a defendant stonewalling during the discovery process? This is a "Catch-22" stacked against injured workers.
No worker can possibly have the wherewithal to know what carcinogens to which she was exposed when faced with a reticent defendant, let alone understand the complicated science regarding the effect of the combinations of carcinogens to which she was exposed necessary to prove the case. In order to prevail in a case such as this, a plaintiff is required to marshal evidence and use the discovery process to guide further discovery in order to assemble the complex medical proof required. The majority believes that the law somehow requires plaintiffs in situations like this one to have detailed knowledge of the carcinogens present in the workplace and how these carcinogens interacted to cause cancer, all without access to basic information about the workplace exposure itself. Plaintiffs are required to shoot in the dark. This cannot be the law as it is contrary to the very spirit of the North Carolina Workers' Compensation Act.
Under the current system defendants are allowed to deny cases while, in effect, hiding vital information from plaintiffs, thereby foreclosing any chance a cancer victim has to meet the burden of proof. I see this current system as fundamentally unfair and I must respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER